UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN

MOMS FOR LIBERTY BRANCH AND
HILLSDALE COUNTY, JENNIFER
WORTZ, individually and by Next                    Hon. Hala Y. Jarbou
of Friend of O.W., a minor,                        Case No. 21−cv−00959
STACY WOHLHETER, individually
and by Next Friend of E.W. and
A.B., minors,

        Plaintiffs,

| **MOTION TO DISMISS PURSUANT TO FED. R. CIV. P. 12(B)(1) and (B)(6)** |
| --- |

v

REBECCA BURNS, BRANCH-HILLSDALE-ST.
JOSEPH COMMUNITY HEALTH AGENCY
and READING COMMUNITY SCHOOLS,

        Defendants.
_____/

DAREN A. WISELEY (P85220)
*Attorney for Plaintiff*
41 ½ E. Bacon Street
Hillsdale, MI 49242
(517) 234-4020
dwise@defendyourrights.law

ANDREW J. BREGE
Rosati Schultz Joppich &
Amtsbuechler, PC
*Attorneys for Rebecca Burns* and
*Branch-*
*Hillsdale-St. Joseph Health Agency*
822 Centennial Way, Suite 270
Lansing, MI 48917
(517) 886-3800
abrege@rsjalaw.com

TIMOTHY J. MULLINS (P28021)
TRAVIS M. COMSTOCK (P72025)
GIARMARCO, MULLINS &
HORTON, P.C.
*Attorneys for Defendant Reading*
*Community Schools*
101 W. Big Beaver Road, 10th Floor
Troy, MI 48084-5280
(248) 457-7020
tmullins@gmhlaw.com
tcomstock@gmhlaw.com

_____

### <u>DEFENDANT READING COMMUNITY SCHOOLS'</u>
### <u>MOTION TO DISMISS (WITH BRIEF IN SUPPORT) PURSUANT TO</u>
### <u>FED. R. CIV. P. 12(B)(1) AND (B)(6)</u>

**Statement Regarding Concurrence Under LCivR 7.1(d):** On November 17, 2021, Travis Comstock (P72025) contacted Plaintiffs' counsel by email, apprised him of the nature and basis for the motion, sought concurrence, and then followed with a phone call to Plaintiffs' counsel on November 17, 2021.  Plaintiffs' counsel did not respond to either request.

1

## MOTION TO DISMISS PURSUANT TO FED. R. CIV. P. 12(B)(1) and (B)(6)

Defendant Reading Community Schools (District) moves to dismiss the Plaintiffs' Complaint, and in support states as follows:

1.     The Plaintiffs filed their complaint in state court on or about September 27, 2021. The complained of quarantines for Plaintiffs E.W. and A.B. ended the next day on September 28. And three days later, on September 30, 2021, the Branch-Hillsdale-St. Joseph Community Health Agency ("Agency") rescinded its September 3, 2021 and September 22, 2021 emergency public health orders.

2.     The claims by Plaintiffs Moms for Liberty Branch and Hillsdale County ("Moms"), E.W., and A.B. ("Minor Plaintiffs") are moot, and thus, the Court lacks jurisdiction and should dismiss the District. Fed. R. Civ. P. 12(b)(1)

3.     Counsel for the District informed Plaintiffs' counsel that the claims were moot and requested that Plaintiffs voluntarily dismiss their complaint. The Plaintiffs refused. The Court should grant costs and attorney fees to the District for having to bring this motion when the claims presented are clearly moot.

4.     Moms and the Minor Plaintiffs also lack standing because their alleged injuries or harms (1) are not traceable to the District but instead resulted from the Health Department's now rescinded public health orders, and (2) no equitable or injunctive relief the Court could enter as against the District would redress the requirement that the District *and* these Plaintiffs were previously required to comply

with the September 3 and September 22, 2021 emergency public health orders ("the Orders") the Agency issued. Thus, the Court lacks subject-matter jurisdiction and must dismiss the Moms' and Minor Plaintiffs' claim against the District. *Turaani v. Wray*, 988 F.3d 313 (6th Cir. 2021).

5.     Even if the claims against the District are not moot and Moms and the Minor Plaintiffs have standing, the District is absolutely immune from liability pursuant to Michigan's COVID-19 Response and Reopening Liability Assurance Act, Mich. Comp. Laws § 691.1451, *et seq*. Thus, the District should be dismissed.[1]

6.     In the alternative, the Moms and Minor Plaintiffs fail to state claims against the District on which the Court can grant relief.

7.     The Moms' and Minor Plaintiffs' alleged 14th Amendment procedural due process violation has been uniformly rejected by multiple courts as a matter of law when considering the same or similar allegations in the context of local health agency or school district mask requirements. See, e.g., *Oberheim v. Bason*, __ F. Supp. 3d __, No. 4:21-CV-01566, 2021 WL 4478333, at *7 (M.D. Pa,. September 30, 2021) (collecting cases), *P.M. by & Through Maras v Mayfield City Sch. Dist. Bd. of Ed.*, No. 1:21-CV-1711, 2021 WL 4148719, at *2 (N.D. Ohio, September 13,

---

[1] The Plaintiffs make no allegation that Plaintiff O.W. was ever quarantined. Any claim O.W. may have is also moot (because of the recission of the Orders), he lacks standing since he does not allege any harm, the District is immune from suit, and the constitutional claims fail to state claims because O.W. does not allege being subject to the Agency's Orders.

2021) ("[T]he court neither sees where Plaintiff has been denied a life, liberty, property or fundamental right; nor how wearing a mask impedes her child's property interest in school attendance."). The rejection of a challenge to a mask requirement should be applied to a requirement to quarantine. Thus, the Plaintiffs fail to state a claim on which this Court can grant relief.

8.     With respect to Moms' and Minor Plaintiffs' 14th Amendment substantive due process claim, while there is generally a right to a public education, courts have rejected claims asserting that right in the context of COVID-19 mask requirements issued or ordered by state or local public health authorities or local school districts. See, e.g., *Resurrection School v. Hertel*, 11 F.4th 437 (6th Cir. Aug 23, 2021), *Brach v. Newsom*, 6 F.4th 904, 922 (9th Cir. 2021); *Doe v. Franklin Square Union Free School District*, __ F. Supp. 3d __, No. 21-5012, 2021 WL 4957893 (E.D.N.Y. October 26, 2021); *Borishkevich v. Springfield Pub. Sch. Bd. of Educ.*, __ F. Supp. 3d __; No. 20-03240-CV-S-BP, 2021 WL 2213237, at *4 (W.D. Mo. May 27, 2021). Like the procedural due process claims, the rejection of challenges to a mask requirement is applicable to a challenge to a quarantine requirement. Thus, the Plaintiffs fail to state a claim for relief.

9.     Finally, Plaintiffs' federal claims being insufficient to state claims for relief as a matter of law, the Court should decline to exercise supplemental, or pendent, jurisdiction and dismiss the state constitutional claims.

**WHEREFORE** the Defendant Reading Community Schools respectfully requests that the Plaintiffs' Complaint be dismissed for mootness, lack of standing, immunity, or, in the alternative, for the failure to state claims on which relief can be granted.

GIARMARCO, MULLINS & HORTON, PC

/s/ Travis Comstock
TRAVIS COMSTOCK (P72025)
Attorneys for Defendants
101 W. Big Beaver Road, 10th Floor
Troy, MI 48084-5280
(248) 457-7036
tcomstock@gmhlaw.com

Dated: November 17, 2021

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN

MOMS FOR LIBERTY BRANCH AND
HILLSDALE COUNTY, JENNIFER
WORTZ, individually and by Next                      Hon. Hala Y. Jarbou
of Friend of O.W., a minor,                          Case No. 21−cv−00959
STACY WOHLHETER, individually
and by Next Friend of E.W. and
A.B., minors,

| | |
|---|---|
| Plaintiffs, | **DEFENDANT READING COMMUNITY SCHOOLS' BRIEF IN SUPPORT** |

v

REBECCA BURNS, BRANCH-HILLSDALE-ST.
JOSEPH COMMUNITY HEALTH AGENCY
and READING COMMUNITY SCHOOLS,

        Defendants.
_____/

DAREN A. WISELEY (P85220)          TIMOTHY J. MULLINS (P28021)
*Attorney for Plaintiff*           TRAVIS M. COMSTOCK (P72025)
41 ½ E. Bacon Street               GIARMARCO, MULLINS &
Hillsdale, MI 49242                HORTON, P.C.
(517) 234-4020                     *Attorneys for Defendant Reading*
dwise@defendyourrights.law         *Community Schools*
                                   101 W. Big Beaver Road, 10th Floor
ANDREW J. BREGE                    Troy, MI 48084-5280
Rosati Schultz Joppich &           (248) 457-7020
Amtsbuechler, PC                   tmullins@gmhlaw.com
*Attorneys for Rebecca Burns* and  tcomstock@gmhlaw.com
*Branch-*
*Hillsdale-St. Joseph Health Agency*
822 Centennial Way, Suite 270
Lansing, MI 48917
(517) 886-3800
abrege@rsjalaw.com
_____

# <u>TABLE OF CONTENTS</u>

TABLE OF AUTHORITIES ................................................................. ii

QUESTIONS PRESENTED FOR REVIEW ...................................... ii

STATEMENT OF MOST CONTROLLING AUTHORITY ........................... vii

FACTS ...........................................................................................8

STANDARD OF REVIEW ................................................................11

ANALYSIS.....................................................................................13

    I.  The claims are moot because the quarantines ended, and the Agency
       rescinded its Orders. ................................................................14

    II. Moms and the Minor Plaintiffs lack standing for claims asserted against
       the District. ...........................................................................15

    III.The District is immune from suit under state law. ...................................18

    IV.  Moms and the Minor Plaintiffs fail to state claims for relief.................19

         a.  Substantive Due Process .................................................19

         b.  Procedural Due Process.................................................23

CONCLUSION ...............................................................................26

# TABLE OF AUTHORITIES

**Cases**

*Ability Ctr. of Greater Toledo v. Lumpkin*, 808 F. Supp. 2d 1003, 1015
  (N.D. Ohio 2011) .............................................................................16

*Ailor v. City of Maynardville, Tennessee*, 368 F.3d 587, 596 (6th Cir. 2004) ....15

*Ashcroft v. Iqbal*, 129 S. Ct. 1937, 173 L.Ed.2d 868 (2009) ...............................vi

*Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009).................................................. viii, 13

*Ass'n of Am. Physicians & Surgeons v. United States Food & Drug Admin.*,
  13 F.4th 531, 543 (6th Cir. 2021) ...................................................12

*Ass'n of Cleveland Fire Fighters v. City of Cleveland*, 502 F.3d 545, 548
  (6th Cir. 2007).................................................................................13

*Ass'n of Cleveland Fire Fighters*, 502 F.3d at 548..............................................13

*Bell Atl. Corp. v. Twombly*, 550 U.S. 555, 570 (2007)................................ viii, 13

*Borishkevich v. Springfield Pub. Sch. Bd. of Educ.*, __ F. Supp. 3d __;
  No. 20-03240, 2021 WL 2213237, at *5 (W.D. Mo. May 27, 2021) ............26

*Bormuth v. Whitmer*, __ F. Supp. 3d __, No. 2:20-CV-11399, 2021 WL
  2910524, at *7 (E.D. Mich. July 12, 2021) ....................................16

*Bos. Bit Labs, Inc. v. Baker*, 11 F.4th 3, 8 (1st Cir. 2021)............................15, 16

*Brach v. Newsom*, 6 F.4th 904, 922 (9th Cir. 2021) ...........................................25

*Calvary Chapel of Bangor v. Mills*, __ F. Supp. 3d __, No. 20-CV-00156,
  2021 WL 2292795, at *11 (D. Me. June 4, 2021).........................................16

*Celauro v. Fed Express Ground*, __ F. Supp. 3d __; No. 20-CV-02398-KLM,
  2021 WL 2894193, at *1 (D. Colo., July 9, 2021) .........................................18

*Cleveland Branch N.A.A.C.P. v. City of Parma, Ohio*, 263 F.3d 513, 524
  (6th Cir. 2001)..................................................................................15

*Doe v. Claiborne Cty., Tenn. By & Through Claiborne Cty. Bd. of Educ.*,
103 F.3d 495 (6th Cir. 1996) ........................................................... viii

*Doe v. Franklin Square Union Free School District*, __ F. Supp. 3d __,
No. 21-5012, 2021 WL 4957893 ........................................ viii, 21, 23

*Dover v. Yanfeng US Auto. Interior Sys. I LLC*, __ F. Supp. 3d __,
No. 20-CV-11643, 2021 WL 4440324, at *2 (E.D. Mich. Sept. 28, 2021) ...12

*Hartwell v. Houghton Lake Cmty. Sch.*, 755 F. App'x 474, 478, 480
(6th Cir. 2018)....................................................................................22

*Hernandez v. Grisham*, 508 F. Supp. 3d 893, 979 (DNM, 2020) .......................25

*Jacobson v. Massachusetts,* 197 U.S. 11 (1905) ...........................................20, 23

*Kirby v. Loyalsock Twp. Sch. Dist.*, 837 F. Supp. 2d 467, 474–75
(M.D. Pa. 2011) ..................................................................................23

*Klaassen v. Trustees of Indiana Univ.*, 7 F.4th 592, 593 (7th Cir. 2021)............23

*League of Indep. Fitness Facilities & Trainers, Inc. v. Whitmer*,
814 F. App'x 125, 127 (6th Cir. 2020) ...........................................20

*Libertas Classical Assn. v. Gretchen Whitmer et. al.*, 498
F. Supp. 3d 961 (W.D. Mich. 2020) ...............................................25

*Meyers v. Cincinnati Bd. of Educ.*, 983 F.3d 873, 880 (6th Cir. 2020)...........9, 20

*Oberheim*, 2021 WL 4478333, at *7 ...........................................................21, 23

*Ohio Nat'l Life Ins. Co. v. United States*, 922 F.2d 320, 325 (6th Cir. 1990).....12

*P.M. by & through Maras v Mayfield City Sch. Dis.t Bd. of Edus.*,
No. 1:21 CV 1711, 2021 WL 4148719 (ND Ohio, September 13, 2021)......25

*Ramsek v Beshear*, 989 F.3d 494 (6th Cir. 2021) ................................... viii, 15, 16

*Resurrection School v. Hertel*, __ F. Supp. 3d __, No. 1:20-CV-1016,
2021 WL 5121154, at *4 (W.D. Mich. Nov. 3, 2021) ........................... viii, 20

*Resurrection School v. Hertel*, 11 F.4th 437 (6th Cir. Aug 23, 2021)...........24, 25

*Schul v. Sherard*, 102 F. Supp. 2d 877, 887 (S.D. Ohio 2000) .........................22

*Siefert v. Hamilton Cty.*, 951 F.3d 753 (6th Cir. 2020); ................................... viii

*Six v. Newsom*, 462 F. Supp. 3d 1060, 1071 (C.D. Cal. 2020)............................22

*Smith v. Jefferson Cty. Bd. of Sch. Comm'rs*, 641 F.3d 197, 217
    (6th Cir. 2011).............................................................................................26

*Strehlke v. Grosse Pointe Pub. Sch. Sys.*, 654 F. App'x 713, 724
    (6th Cir. 2016).............................................................................................22

*Wayside Church v. Van Buren Cty.*, 847 F.3d 812, 817 (6th Cir. 2017) .............13

## Statutes and Court Rules

Fed. R. Civ. P. 12(b)(1)................................................................................ passim

Fed. R. Civ. P. 12(b)(6)........................................................................................27

Mich. Admin. Code, R 325.175(2) ......................................................................23

Mich. Admin. Code, R 325.175(4) ........................................................................9

Mich. Comp. Laws § 333.2451...............................................................................9

Mich. Comp. Laws§ 333.2453................................................................................9

Mich. Comp. Laws § 691.1451.............................................................................19

Mich. Comp. Laws § 691.1454(e) ........................................................................19

Mich. Comp. Laws § 691.1455 ..................................................................vi, viii, 19

Mich. Comp. Laws. § 691.1454(c) .......................................................................19

Rule 12(b).................................................................................................................9

## <u>QUESTIONS PRESENTED FOR REVIEW</u>

**ISSUE ONE**: The quarantines of the Minor Plaintiffs ended on September 28, 2021, the day after they filed their complaint. The Branch-Hillsdale-St. Joseph Community Health Agency (Agency) had issued two emergency public health orders (the Orders) on September 3, 2021 and September 22, 2021. The Orders required "close contacts" of a COVID-19 positive case to quarantine. The Agency rescinded its Order effective September 30, 2021. Does the Court lack jurisdiction because the Plaintiffs' claims against the District are moot?

**ISSUE TWO**: The Plaintiffs' Complaint admits that the Agency issued emergency public health orders that required any student determined to be a "close contact" of a COVID-19 positive case to quarantine. The District had to comply with this order and lacked authority to change or rescind the Agency's order. Should the Complaint be dismissed because the Plaintiffs lack standing since the alleged injury is traceable only to the Agency, and that injury will not be redressed by a favorable decision here because both the District and Plaintiffs were required follow the Agency's Orders?

**ISSUE THREE**: Michigan law grants immunity to schools and other governmental entities and persons from claims for "relief arising out of, based on, or in any way related to . . . conduct intended to reduce transmission of COVID-19." Mich. Comp. Laws § 691.1455. Because the District is immune from suit and liability, should the Court dismiss the claims against the District?

**ISSUE FOUR:** A complaint must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face. *Ashcroft v. Iqbal*, 129 S. Ct. 1937, 173 L.Ed.2d 868 (2009). Courts around the country have dismissed the similar federal constitutional claims because no fundamental rights or liberty interests are violated by requiring students (and staff) to wear masks while attending school. The same analysis and conclusion should be applied to a requirement that a student determined to be a "close contact" should temporarily quarantine for the protection of others. Should Plaintiffs' claims against the District be dismissed for failure to state claims on which this Court may grant relief?

## STATEMENT OF MOST CONTROLLING AUTHORITY

**Most Controlling Authority for Issue One:** *Ramsek v Beshear*, 989 F.3d 494 (6th Cir. 2021)

**Most Controlling Authority for Issue Two**: *Turaani v. Wray*, 988 F.3d 313 (6th Cir. 2021); *Doe v. DeWine*, 910 F.3d 842 (6th Cir. 2018).

**Most Controlling Authority for Issue Three**: Mich. Comp. Laws § 691.1455; *Siefert v. Hamilton Cty.*, 951 F.3d 753 (6th Cir. 2020); *Doe v. Claiborne Cty., Tenn. By & Through Claiborne Cty. Bd. of Educ.*, 103 F.3d 495 (6th Cir. 1996)

**Most Controlling Authority for Issue Four**: *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 555, 570 (2007)); *Resurrection Sch. v. Hertel*, __ F. Supp. 3d __, No. 1:20-CV-1016, 2021 WL 5121154 (W.D. Mich. Nov. 3, 2021), *Doe v. Franklin Square Union Free School District*, __ F. Supp. 3d __, No. 21-5012, 2021 WL 4957893 (E.D.N.Y. October 26, 2021).

## FACTS

The facts are undisputed. The District sent all families in the school district a "Frequently Asked Questions for 2021-22 School Year" (Exhibit 1) that outlined the District's COVID-19 protocols for the school year.[2] Regarding whether masks must be worn, the District stated, "No. Faces masks will be **optional** for staff and students during school." (Id., p. 1 (emphasis added).) For quarantining, the District stated that it was "required to report communicable diseases to the local health department" and would do so for positive COVID-19 cases. (Id., p. 2 (emphasis added).) But "[a]ny quarantine restrictions **will come** from the local health department . . . Our district **will no longer** be quarantining exposed individuals." (Id., p. 2 (emphasis added).)

The Agency then issued an emergency public health order ("the Orders") pursuant to Mich. Comp. Laws § 333.2451 and § 333.2453 as well as Mich. Admin. Code, R 325.175(4). (Complaint, ¶¶ 1, 30; Complaint, Exhibits A and B.) The Agency issued the first Order on September 3, 2021. (Id., Exhibit B.)[3] It issued a superseding Order on September 22, 2021. (Id., Exhibit A.) The Orders required that a student (or other person) determined to be a "Close Contact" (Exhibit 1, p. 3, ¶ a.) must quarantine for 10 days unless they obtain a negative COVID-19 test after 7 days (Compl., ¶ 22; Compl., Exhibit A, p. 2 ¶ 1, 3; Exhibit 1, p. 2, ¶ 1, 3). The Order

---

[2] The District's statement is "matter[ ] of public record" that can be considered on a Rule 12(b) motion. *Meyers v. Cincinnati Bd. of Educ.*, 983 F.3d 873, 880 (6th Cir. 2020) (citation omitted).

[3] The Plaintiffs' copy of that order is incomplete. A complete copy of the Order is attached here as Exhibit 2.

also required the District to report all determined "close contacts" to the Agency. (Compl., ¶ 23; Compl., Exhibit A, p. 3, ¶ 4; Exhibit 1, p. 3, ¶ 4.) If the District failed to comply, the Agency could enforce the Orders with misdemeanor criminal charges or other civil fines. (Compl., ¶ 24; Compl., Exhibit A, p 4, ¶¶ 5-6; Exhibit 1, p. 3, ¶¶ 5-6.)

Two Plaintiffs, E.W. and A.B. (Minor Plaintiffs), were determined by the District to be "close contacts" of a COVID-19 positive student. (Compl., ¶¶ 61, 64.) Pursuant to the September 22, 2021 Order, the District reported the Minor Plaintiffs to the Agency. The Agency then informed the Minor Plaintiffs of the quarantine by letters dated September 20 and 21, 2021. (Exhibit 3 (redacted).)

Pursuant to the Agency's directive, the Minor Plaintiffs were temporarily excluded from attending the District in-person for the 10 or 7-day quarantine period. (Compl., ¶ 61.) The Minor Plaintiffs admit that their quarantine ended on September 28, 2021 (Compl., ¶ 61) – **one day after** filing their Complaint in state court. The Minor Plaintiffs were not excluded from participating in school, as they admit they attended school through "virtual learning all day[.]" (Compl., ¶ 66.)

The Plaintiffs filed their five-count complaint in the Hillsdale Circuit Court on September 27, 2021. The Plaintiffs sought an *ex parte* temporary restraining order that was denied by the state court on September 29, 2021. (Exhibit 4.) The District was served with the Complaint via mail on October 14, 2021. The District and co-

defendant Agency removed the case to this Court on November 11, 2021 due to the assertion of federal claims.

The Plaintiffs challenge the Agency's authority to issue the Orders under state law in Counts I – III. The Plaintiffs' Count IV alleges the District and the Agency violated the 14th Amendment's Substantive Due Process protections for "fundamental rights . . . of parents and students." (Compl., ¶ 68.) More specifically, the Minor Plaintiffs rely on a "protected liberty interest in associating" with other students, staff, and attending school in-person. (Compl., ¶ 69.) The Moms and parent Plaintiffs assert "a protected liberty interest in providing for the health and education of their children." (Compl. ¶ 70.) Overall, they allege that the "Defendants have unlawfully restrained [the] Plaintiffs of [sic] constitutionally protected activities (engaging in public education) . . . ." (Compl., ¶ 73.)

A similar claim is made in Count V under the Procedural Due Process protection of the 14th Amendment. However, it is not clear which "Defendant" the Count applies to. The Plaintiffs allege their due process rights were violated when the "**Defendants** issued the quarantine on Plaintiffs without notice, hearing or the opportunity to appeal their unlawful findings." (Compl., ¶ 81.) But the Plaintiffs then allege that the **Agency's** September 3 Order is the source of the due process violation, and it is "**[t]he Agency**" that "deprived the Plaintiffs" of the due process rights. (Compl., ¶¶ 82-83 (emphasis added).)

10

The District now moves to dismiss the allegations against it in Counts IV and V (to the extent the allegations apply) because (1) Moms' and the Minor Plaintiffs' claims are moot, (2) all Plaintiffs lack standing because any injury is only traceable to the Agency and the relief sought against the District will not redress the alleged past harm, (3) the District is absolutely immune from suit or liability under state law, and (4) the all Plaintiffs fail to state any claim against the District on which the Court can grant relief.

## STANDARD OF REVIEW

The District challenges the Court's subject-matter jurisdiction pursuant to Fed. R. Civ. P. 12(b)(1) on the grounds that the Plaintiffs' claims are moot, and they lack standing. The District also is absolutely immune under state law from COVID-19 related claims.

"A Rule 12(b)(1) motion to dismiss for lack of subject matter jurisdiction generally comes in two varieties: a facial attack or a factual attack." *Dover v. Yanfeng US Auto. Interior Sys. I LLC*, __ F. Supp. 3d __, No. 20-CV-11643, 2021 WL 4440324, at *2 (E.D. Mich. Sept. 28, 2021) (citing *Ohio Nat'l Life Ins. Co. v. United States*, 922 F.2d 320, 325 (6th Cir. 1990)). "A party raising a facial challenge argues that a complaint does not adequately plead standing even accepting its facts as true." *Ass'n of Am. Physicians & Surgeons v. United States Food & Drug Admin.*, 13 F.4th 531, 543 (6th Cir. 2021). Plaintiffs bear the burden of demonstrating

11

jurisdiction exists. *Wayside Church v. Van Buren Cty.*, 847 F.3d 812, 817 (6th Cir. 2017) (citation omitted).

In the alternative, the District challenges the sufficiency of the Plaintiffs allegations to state claims on which the Court can grant relief. "To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678, (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 555, 570 (2007)). This facial plausibility standard requires claimants to put forth "enough fact[s] to raise a reasonable expectation that discovery will reveal evidence of" the requisite elements of their claims. *Twombly*, 550 U.S. at 557. While a complaint need not contain "detailed" factual allegations, its "factual allegations must be enough to raise a right to relief above the speculative level." *Ass'n of Cleveland Fire Fighters v. City of Cleveland*, 502 F.3d 545, 548 (6th Cir. 2007) (citing *Twombly*, 550 U.S. at 555) (internal citations omitted).

Courts must accept the factual allegations in a complaint as true, *Twombly*, 550 U.S. at 556, but the presumption of truth does not apply to a claimant's legal conclusions, *Iqbal*, 556 U.S. at 678. Therefore, to survive a motion to dismiss, a plaintiff's pleading for relief must provide "more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Ass'n of Cleveland Fire Fighters*, 502 F.3d at 548 (quoting *Twombly*, 550 U.S. at 555)

(internal citations and quotations omitted).

## ANALYSIS

The essence of the Plaintiffs' claims is a disagreement with the Agency's **now rescinded** Orders requiring that COVID-19 positive persons and any "close contacts" temporarily quarantine for the protection of others.   Only Count IV (Substantive Due Process) can reasonably be construed as alleging any harm by the District. But the alleged substantive due process claim is moot by the Agency's rescission.

Alternatively, the Moms and Minor Plaintiffs (E.W. and A.B.)[4] lack standing to assert a claim against the District because their alleged injuries were not caused by the District and enjoining the District will not redress these harms. Thus, the Court lacks subject-matter jurisdiction.

Even if the Court has jurisdiction and Moms and the Minor Plaintiffs have standing, the District is immune from suit under state law. Lastly, Moms and the Minor Plaintiffs fail to state claims on which the Court can grant relief. For any of these reasons the Court should dismiss the federal claims with prejudice and decline supplemental jurisdiction.

---

[4] Minor Plaintiff O.W. does not allege to have been quarantined. Thus, O.W. makes no claims under Count IV.

13

I.     **The claims are moot because the quarantines ended, and the Agency rescinded its Orders.**

"[I]f a case is moot, [a court] lack[s] jurisdiction to proceed" and dismissal under Rule 12(b)(1) is appropriate. *Ramsek v. Beshear*, 989 F.3d 494, 499 (6th Cir. 2021) (citation omitted). When considering mootness, and the burden on the party asserting, "the key question is whether the relief sought would, if granted, make a difference to the legal interests of the parties (as distinct from their psyches, which might remain deeply engaged with the merits of the litigation)." *Bos. Bit Labs, Inc. v. Baker*, 11 F.4th 3, 8 (1st Cir. 2021) (citation and quotation marks omitted). See also *Cleveland Branch N.A.A.C.P. v. City of Parma, Ohio*, 263 F.3d 513, 524 (6th Cir. 2001) (burden on party asserting mootness).

First, the Complaint admits that the Minor Plaintiffs' quarantines ended on September 28, 2021 – one day after they filed their complaint. It is entirely speculative that the Minor Plaintiffs would be in close contact again for purposes of a possible quarantine, and the District stated publicly that it would not independently require quarantining. (Exhibit 1.) The expiration of the temporary quarantine therefore moots their claims against the District. *Ailor v. City of Maynardville, Tennessee*, 368 F.3d 587, 596 (6th Cir. 2004) ("[A] case is moot when the issues presented are no longer 'live' . . . .") (citation omitted; alteration original).

Second, and more importantly, the Agency rescinded its quarantine requirement on September 30, 2021 – **three days after** the Plaintiff filed their

complaint in state court and nearly **a month before** the Agency was served. (See

Notice of Removal, ECF Nos. 1, 6.) Where a governmental agency rescinds a prior

order pertaining to COVID-19, courts have held that the case is moot. *Ramsek*, 989

F.3d at 499 (Governor's decision to rescind order mooted case); *Bormuth v.*

*Whitmer*, __ F. Supp. 3d __, No. 2:20-CV-11399, 2021 WL 2910524, at *7 (E.D.

Mich. July 12, 2021) (challenge to religious exemption moot after new order issued

without the challenged provision); *Baker*, 11 F.4th at 9. The rescission of the

Agency's Orders means the claims are therefore moot,[5] and the Court should dismiss

the federal claims and decline supplemental jurisdiction over the state law claims.

## II.    Moms and the Minor Plaintiffs lack standing for claims asserted against the District.

The Moms' and Minor Plaintiff's lack standing because their alleged injuries

or harms are not traceable to the District but instead result from the Agency's Orders.

And no equitable or injunctive relief the Court could enter as against the District

---

[5] It is likely that the Plaintiffs will argue that the Agency's voluntary rescission does not moot the claims, or that the challenged Orders are capable of repetition but will evade review. Regarding the first exception to mootness, the rescission came before the Agency was aware of the suit and was made because recent state law (2021 PA 87) placed financial penalties on the Agency if it continued with the Order. (Exhibit 5, Press Release). Where recission is unrelated to litigation the voluntary cessation doctrine does not apply. *Calvary Chapel of Bangor v. Mills*, __ F. Supp. 3d __, No. 20-CV-00156, 2021 WL 2292795, at *11 (D. Me. June 4, 2021) (Rescission not "due to this litigation or as a strategy for moving the goalposts to prevail in this case."); *Ability Ctr. of Greater Toledo v. Lumpkin*, 808 F. Supp. 2d 1003, 1015 (N.D. Ohio 2011). And the Agency's public statement, coupled with the potential financial penalties, makes it clear the Agency does not intend to reissue the Orders. *Beshear*, 989 F.3d at 499. Thus, neither exception to mootness applies here.

would redress the requirement that the District *and* these Plaintiffs were legally required to comply with the Orders issued by the Agency. Thus, the Court lacks subject-matter jurisdiction and must dismiss their claims. *Turaani v. Wray*, 988 F.3d 313 (6th Cir. 2021); Fed. R. Civ. P. 12(b)(1).

Moms' and the Minor Plaintiffs' alleged injuries in Counts IV and V are not traceable to the District. To demonstrate standing, a "plaintiff must show that he has 'suffered an injury in fact,' the injury is 'traceable' to the defendant's action, and a favorable decision likely will redress the harm." *Turaani*, 988 F.3d at 316 (citation omitted). But where a plaintiff alleges "[i]ndirect harms . . . resulting from the independent action of some third party not before the court" then the harms are not traceable to the named defendant. *Id.* (citations and internal alterations omitted). And "[a] third party's 'legitimate discretion' breaks the chain of constitutional causation." *Id.*, at 317 (citation omitted).

Moms and the Minor Plaintiffs admit the existence of the Orders. While they challenge the Agency's authority to issue the Orders under state law, for federal constitutional purposes it was the Agency's Orders that required the District to report close contacts. The Agency then issued quarantine notices to the Minor Plaintiffs, not the District. (Exhibit 3.) As noted, the District publicly stated at the start of the year that it would not be requiring quarantines absent a requirement by a federal, state or local health authority. (Exhibit 1.). The alleged claims are therefore not

traceable to the District, and Moms and the Minor Plaintiffs lack standing. See *Celauro v. Fed Express Ground*, __ F. Supp. 3d __; No. 20-CV-02398-KLM, 2021 WL 2894193, at *1 (D. Colo., July 9, 2021) (alleged injury not traceable to employer that implemented state mask requirement because issued by third-party, i.e., governor).

In addition, the relief requested would not redress the prior alleged harms of having to temporarily quarantine. With respect to redressability, "[a]n injury is redressable if a judicial decree can provide 'prospective relief' that will 'remove the harm.'" *Doe v. DeWine*, 910 F.3d 842, 850 (6th Cir. 2018) (citation omitted). A court cannot redress a plaintiff's alleged harms "'where the prospective benefit to the plaintiff depends on the actions of independent actors.'" *Id.* (citation omitted).

The independent actor here is the Agency. The Agency issued the Orders under valid state law. The District lacks any "determinative or coercive effect" over the Agency, and thus Moms' and the Minor Plaintiffs' "quarrel is with the [Agency], not the [District]." *Turaani*, 988 F.3d at 316 (citations omitted).

Even if the Court were to grant injunctive relief as against the District (leaving aside the mootness since the Orders are rescinded), children of members of Moms and the Minor Plaintiffs would still be (or have been) subject to the Agency's Orders. The only redressable alleged injury is (would have been) against the Agency. Thus, because Moms and the Minor Plaintiffs claims are not traceable to and cannot be

redressed by injunctive relief against the District, they lack standing and Counts IV and V should be dismissed as against the District. Fed. R. Civ. P. 12(b)(1).

## III.   The District is immune from suit under state law.

The Court should dismiss Counts IV and V because they claims are moot and Moms and the Minor Plaintiffs lack standing. But even if the Courts moves past those legal barriers, the District is entitled to immunity from liability when it complies with a valid COVID-19 related health order.

Michigan recently passed COVID-19 Response and Reopening Liability Assurance Act, Mich. Comp. Laws § 691.1451, *et seq*. The Act provides that "[a] person who **acts in compliance** with all . . . local statutes, rules, regulations, executive orders, and agency orders related to COVID-19 that had not been denied legal effect at the time of the conduct or risk that allegedly caused harm is **immune from liability** for a COVID-19 claim." Mich. Comp. Laws § 691.1455 (emphasis added). A "[p]erson" for purposes of governmental immunity includes a school (or other legal entity) and any individual that is an employee or agent of the school or entity. Mich. Comp. Laws § 691.1454(e). The governmental immunity granted is as to any "other relief **arising out of, based on, or in any way related to** . . . conduct intended to reduce transmission of COVID-19." Mich. Comp. Laws. § 691.1454(c).

Moms' and the Minor Plaintiffs' claims here seek "relief arising out of [and] based on . . . conduct intended to reduce the transmission of COVID-19[,]" i.e.,

implementing and complying with the Agency's Orders that were validly issued under state law and intended to slow or reduce COVID-19 spread through schools. Thus, because the District is immune from liability under state law, Counts IV and V fail to state claims for relief against the District and the Court should dismiss those claims. Fed. R. Civ. P. 12(b)(6). See *Meyers v. Cincinnati Bd. of Educ.*, 983 F.3d 873, 880 (6th Cir. 2020) (applying state law governmental immunity).

## IV.   Moms and the Minor Plaintiffs fail to state claims for relief.

Finally, should the Court not dismiss Counts IV and V because the claims are moot, Moms and the Minor Plaintiffs lack standing, or because of state law immunity, the Counts fail to state claims for relief.

### a.  Substantive Due Process

Count IV asserts a claim under the Substantive Due Process provision of the 14th Amendment. The provision prohibits governmental entities from depriving individuals of certain protected interests or rights. Contrary to Moms' and the Minor Plaintiffs' contention that strict scrutiny applies, "where no suspect class or fundamental right is implicated, [the court] must apply rational basis review." *Resurrection School v. Hertel*, __ F. Supp. 3d __, No. 1:20-CV-1016, 2021 WL 5121154, at *4 (W.D. Mich. Nov. 3, 2021) (citation omitted, alterations original).[6]

---

[6] See also *League of Indep. Fitness Facilities & Trainers, Inc. v. Whitmer*, 814 F. App'x 125, 127 (6th Cir. 2020) ("All agree that the police power retained by the states empowers state officials to address pandemics such as COVID-19 largely without interference from the courts.")

"Under rational basis review, the burden is on the plaintiff to prove that the policy in question is not rationally related to a legitimate government interest." *Resurrection School*, 2021 WL 5121154 at *4.

Other courts also apply a rational basis review in the context of challenges to COVID-19 safety and health orders. "Conversely, infringements on other rights or liberties, though still constitutionally scrutinized, need only satisfy the less-onerous 'rational basis review'—that is, the government action will be upheld so long as it 'rationally furthers some legitimate, articulated state purpose.' *Oberheim*, 2021 WL 4478333, at *7 (citation omitted). *Doe v. Franklin Square Union Free School District*, __ F. Supp. 3d __, No. 21-5012, 2021 WL 4957893, at *4, 19 (E.D.N.Y. October 26, 2021) (applying rational basis review to substantive due process challenge to mask requirement).

Their challenge being review under the rational basis standard, the next question is identifying the right or interest allegedly violated. Moms and the Minor Plaintiffs fail to articulate a valid or recognized right or interest. They first allege a "protected liberty interest in associating" with peers or teachers. (Compl., ¶ 69.) But they fail to articulate with specificity what type of protected associational right applies. "[T]he Constitution does not include a 'generalized right of "social association." ' Rather, the Constitution protects only two distinct types of

(citing *Jacobson v. Massachusetts*, 197 U.S. 11, 29 (1905).

20

association: (1) 'intimate' association; and (2) 'expressive' association." *Schul v. Sherard*, 102 F. Supp. 2d 877, 887 (S.D. Ohio 2000) (citations omitted). Presumably, the Plaintiffs mean "the right to intimate association [that] falls under the Fourteenth Amendment[,]" which is tested under rational basis review. *Hartwell v. Houghton Lake Cmty. Sch.*, 755 F. App'x 474, 478, 480 (6th Cir. 2018). But they fail to cite any authority for the proposition that the 14th Amendment protects social interaction with peers and teachers generally, or that a temporary deprivation for public health and safety is protected.

At least one court has rejected such in the context of COVID-19 stay-at-home orders. *Six v. Newsom*, 462 F. Supp. 3d 1060, 1071 (C.D. Cal. 2020). As there, Moms and the Minor Plaintiffs fail to explain how the quarantine "interferes with their claimed *associations* rather than their desired activities. Like many students throughout the country and the world, [the Minor Plaintiffs] may study for [their] exams with [their] peers and friends using platforms like Zoom, Microsoft Teams, Google Hangouts, and the like." *Id.* (emphasis original). The same analysis should apply here, where the temporary interruption with social relationships was substantially less, and therefore they cannot "succeed in converting what is temporary inconvenience into a substantive due process claim." *Id.*, at 1072. See also *Strehlke v. Grosse Pointe Pub. Sch. Sys.*, 654 F. App'x 713, 724 (6th Cir. 2016) (geographic line for school attendance did not preclude forming

21

relationship with students attending another school); *Kirby v. Loyalsock Twp. Sch. Dist.*, 837 F. Supp. 2d 467, 474–75 (M.D. Pa. 2011) (Holding that "Plaintiff's friendships with her classmates and basketball teammates are legally insufficient to be protected by the First Amendment.").

Nor is there any "protected liberty interest" for Moms as "providing for the health and education of their children" in this context. (Compl., ¶ 70.). Court have stated that a parent's "authority stops, so to speak, at the schoolhouse door." *Franklin Square*, 2021 WL 4957893 at \*19 (lack of fundamental right for parents to dictate curriculum issues applies to health regulations). The alleged right to keep a child in school contrary to a health agency's or a school district's (see Mich. Admin. Code, R 325.175(2)) temporary exclusion due to a communicable disease during a world-wide pandemic is not "rooted in this Nation's history and tradition, and implicit in the concept of ordered liberty[.]" *Oberheim*, 2021 WL 4478333, at \*7. If "students do not possess a fundamental right to attend school without wearing a mask or other face covering[,]" *id*., at \*8,[7] then there exists no fundamental right to remain in school and risk the health of others when a student is or may be contagious with the COVID-19 virus.

---

[7] Even where a plaintiff challenges a vaccination requirement to attend school or participate in extracurricular sports, a public health precaution often viewed as greater than mask requirements, courts still apply rational basis review. *Klaassen v. Trustees of Indiana Univ.*, 7 F.4th 592, 593 (7th Cir. 2021) (applying rational-basis standard to due process challenge to vaccine requirement) (citing *Jacobson v. Massachusetts,* 197 U.S. 11 (1905)).

In the end, since rational basis is applied to a challenge to a health order requiring masks, it should be applied to one (formerly) requiring a temporary quarantine. And, under rational basis review, "[i]t is beyond dispute that schools have a legitimate interest in promoting the health and safety of its students, which extends to efforts to reduce the spread of COVID-19 among students and school employees." *Id*. (citations omitted). Thus, Count IV fails to state a claim for relief and should be dismissed.

### b.  Procedural Due Process

Count V asserts a violation of the 14th Amendment's Procedural Due Process protections. By using the generic term "Defendants", it is not clear whether the claims apply to both the District and the Agency or just one or the other. The context, i.e., referencing the Orders and the lack of notice, hearing, etc., prior to issuance and the "threat of prosecution" (Compl., ¶¶ 81-82, 84), indicates that Count V applies only to the Agency. But, in the event it applies also to the District, the claim fails.

The Sixth Circuit recently rejected a challenge by a private, parochial school to a local county health department's mask requirement for students. *Resurrection School v. Hertel*, 11 F.4th 437 (6th Cir. Aug 23, 2021), vacated on rehearing *en banc* __ F.4th __, 20212021 WL 5227152 (6th Cir. November 10, 2021). Although that decision is proceeding to rehearing *en banc* and the challenge there was under the Free Exercise Clause, 14th Amendment Equal Protection, and Substantive Due

Process, the Court held that the proper question is whether the challenged action is rationally related to a legitimate government interest. *Hertel*, 11 F.4th at 460.

Other courts agree that rational basis applies to procedural due process claims related to COVID-19 public health measures. For example, in *P.M. by & through Maras v Mayfield City Sch. Dis.t Bd. of Edus.*, No. 1:21 CV 1711, 2021 WL 4148719 (ND Ohio, September 13, 2021) (attached as Exhibit 6), where the school district required universal masking, the district court held that the plaintiff was unlikely to succeed on the merits of a 14th Amendment procedural due process claim. *Id.*, at *2-3. Relying on Supreme Court precedent, the court stated that "the court neither sees where Plaintiff has been denied a life, liberty, property or fundamental right; nor how wearing a mask impedes her child's property interest in school attendance." *Id.*, at *3 (citations omitted). See also *Brach v. Newsom*, 6 F.4th 904, 922 (9th Cir. 2021) (no due process violation from state COVID-19 closure order); *Oberheim*, 2021 WL 4478333, at *3-7 (holding no fundamental right or protected property interest for purposes of school district mask requirement); *Libertas Classical Assn. v. Gretchen Whitmer et. al.*, 498 F. Supp. 3d 961 (W.D. Mich. 2020) ("Under the sort of emergency situation presented by COVID-19, courts have found that a pre-deprivation hearing is not required."); *Hernandez v. Grisham*, 508 F. Supp. 3d 893, 979 (DNM, 2020).

24

In addition, there is no due process violation related to notice and opportunity to be heard. (Compl., ¶ 51.) First, the gravamen of the current claims is as to the issuance and enforcement of the Orders by the Agency. Any allegation that Moms and the Minor Plaintiffs lacked any notice or opportunity to be heard with respect to the Orders should be directed to Agency, not the District. Second, courts have rejected procedural due process challenges to a school district's, or its board of education's, decision-making with respect to COVID-19 mask requirements. See, e.g., *Borishkevich v. Springfield Pub. Sch. Bd. of Educ.*, __ F. Supp. 3d __; No. 20-03240, 2021 WL 2213237, at *5 (W.D. Mo. May 27, 2021). The Sixth Circuit also has rejected procedural due process challenges where a school district's board of education makes discretionary decisions related to school policy. *Smith v. Jefferson Cty. Bd. of Sch. Comm'rs*, 641 F.3d 197, 217 (6th Cir. 2011) (notice and opportunity to be heard not required for board's "legislative activity" related to budget). The District's policy was to not require masks or to quarantine. The District only complied with the validly issued Orders, a legislative act by the Agency. In sum, Count V, to the extent if even applies to the District, fails to state a claim on which the Court can grant relief.

## **CONCLUSION**

The Plaintiff Moms, Minor Plaintiffs, and the other Plaintiff disagree with the Agency's issuance of the Orders requiring a temporary quarantine if a student at the District is determined to be a close contact. The primary problem is that the claims are moot since the Agency rescinded the Orders on September 30 and publicly stated it will not reissue. But the Moms and Minor Plaintiffs also lack standing as against the District, the District is immune from liability under state law, and Counts IV and V fail to state claims on which the Court can grant relief. For any, and all, of these reasons, the Court should dismiss the Complaint with prejudice or, at a minimum, dismiss the District from the suit. Fed. R. Civ. P. 12(b)(1) and 12(b)(6).

GIARMARCO, MULLINS & HORTON, PC

/s/ Travis Comstock
TRAVIS COMSTOCK (P72025)
Attorneys for Defendants
101 W. Big Beaver Road, 10th Floor
Troy, MI 48084-5280
(248) 457-7036
tcomstock@gmhlaw.com

Dated: November 17, 2021

## <u>CERTIFICATE SERVICE</u>

TRAVIS COMSTOCK states that on November 17, 2021, he did serve a copy of the foregoing document via the Court's electronic filing system, on the aforementioned date, which will send notification of such filing to the attorneys of record.

/s/ Travis Comstock
TRAVIS COMSTOCK (P72025)

Dated: November 17, 2021