UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

————

MOMS FOR LIBERTY BRANCH AND
HILLSDALE COUNTY, et al.,

    Plaintiffs,

v.

REBECCA BURNS, et al.,

    Defendants,

_____/

Hon. Phillip J. Green

Case No. 1:21-cv-00959-PJG

## ORDER

On December 17, 2021, the Court held a scheduling conference in this matter. (See Minutes, ECF No. 17).  It appears to the Court that the parties may benefit from an early conference in which they can discuss potential resolution of this case before expending any additional time or resources on it.  Accordingly,

**IT IS ORDERED** that Plaintiffs and Defendants Rebecca Burns and Branch-Hillsdale-St.Joseph Community Health Agency shall appear in person on January 24, 2022, at 1:00 p.m. before Magistrate Judge Phillip J. Green, 499 Federal Building, 110 Michigan Street Grand Rapids, Michigan, for an Early Settlement Conference.  Defendant Reading Community Schools need not attend in person, but counsel shall provide to the Court three days prior to the settlement conference the name(s) and contact information for those with full settlement authority in this matter.

a. <u>Persons Required to Attend</u>. Unless excused, as indicated above, or after a showing of good cause, the attorney who is to conduct the trial shall attend the settlement conference, accompanied by a representative of the party with full settlement authority.  The person with settlement authority must come with authority to accept, without further contact with another person, the settlement demand of the opposing parties. In addition, where a party is insured, a representative of the insurer who is authorized to negotiate and to settle the matter (within policy limits) up to the amount of the opposing parties' existing settlement demand shall also attend.  All participants shall be present in person unless specifically excused by written motion and order (or otherwise directed by the Court. W.D. Mich. LCivR 16.6).

b. <u>Settlement Letter to Opposing Party</u>.  A settlement conference is more likely to be productive if, before the conference, the parties have engaged in meaningful discussion.  Accordingly, at least fourteen (14) days prior to the settlement conference, plaintiff's counsel shall submit a written proposal regarding resolution of any remaining issues to defendants' counsel with a brief explanation of why such resolution is appropriate.  No later than seven (7) days prior to the settlement conference, defendants' counsel shall submit a written proposal to plaintiff's counsel with a brief explanation of why such a proposed resolution is appropriate. This may lead directly to a resolution.  If a resolution is not achieved, plaintiff's counsel shall deliver or e-mail copies of these letters to chambers no later than three (3) business days before the conference.  Letters should be mailed, hand delivered, or e-mailed to greenmediation@miwd.uscourts.gov.   Do not file copies of these letters in the Clerk's Office.

c. <u>Confidential Settlement Letter to Court</u>.  In addition, three (3) business days before the conference, each party or their attorney shall submit to the chambers of Judge Phillip J. Green a confidential letter concerning their respective views regarding resolution of remaining issues.  Letters should be mailed, hand delivered, or e-mailed to greenmediation@miwd.uscourts.gov.  A copy of this letter need not be provided to any other party.  Do not file a copy of this letter in the Clerk's Office. All information in the settlement letter shall remain confidential and will not be disclosed to any other party without the approval of the writer.  The confidential settlement letter shall set forth: (a) the name and title of the party representative who will be present at the settlement conference, with counsel's certification that the representative will have full authority to settle, without the need to consult with any other party; (b) a very brief explanation of the nature of the case, including an identification of any parties added or dismissed since the time of filing; (c) a history of settlement negotiations to date, including all offers, demands and responses (the letter should not, however, divulge any offer made in the context of a voluntary facilitative mediation); (d) the policy limits of any relevant insurance coverage; (e) the limits on settlement authority given to counsel by the client; (f) that party's suggestions concerning the most productive approach to settlement; (g) any other matter that counsel believes will improve the chances for settlement.  Plaintiff shall also provide an estimated range of damages recoverable at trial and a brief analysis of the method(s) used for arriving at the estimate(s).

**IT IS FURTHER ORDRED** that Defendants' deadline to file a reply brief to their pending motions to dismiss shall be extended to February 7, 2022.

**IT IS FURTHER ORDERED** that this matter shall be stayed pending completion of the Settlement Conference.

**IT IS SO ORDERED**.

Date: December 17, 2021 /s/ Phillip J. Green
PHILLIP J. GREEN
United States Magistrate Judge